James Mix *et al.*

*v.*

Sarah Balduc.

1. Consideration — *sale of land.* Where the owner of land gave a written memorandum to a party, stating that he would sell him a lot of land for a certain price, to be paid within a time named, but there was no agreement expressed in the writing, by the purchaser, to pay the price, and the purchaser afterwards built a corn crib and barn, and sunk a well, on the premises, and kept up the fences and paid the taxes, this constituted a sufficient consideration to make the agreement binding on the vendor.

2. Specific performance—*not enforced when purchaser makes default as to time of payment.* Where the purchaser of land delays offering payment of the purchase money for five months after the stipulated time for payment, without any excuse therefor, his right to call for a specific performance will be thereby precluded, unless the stipulated time for payment has been waived.

3. Time of payment — *waiver.* Where the vendor of land, after the expiration of the stipulated time for payment of the purchase money, distinctly recognizes the right of the vendee to the property, and asks to have refunded to him the taxes on the same for one year that he had paid on it subsequent to the expiration of the stipulated time for payment, the vendee having paid all the other taxes, a waiver of the time stipulated for the payment of the purchase money may be inferred.

Appeal from the Circuit Court of Kankakee county; the Hon. Nathaniel J. Pillsbury, Judge, presiding.

Mr. Stephen R. Moore, for the appellants.

Mr. J. Brousseau, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The bill of complaint in this case was filed by appellee to compel a conveyance to her of the north half of lot 4, in block 44, in the town of Momence, under the following instrument in writing to her:

"I will sell Sarah Delora the north half of lot No. (4) four, in block No. (44) forty-four, in town of Momence, for fifty dollars, dating the transaction from this day, and will execute her papers whenever she is prepared to pay, within three years, as she is a widow.

JAMES MIX.

MOMENCE, ILL., *April* 15, 1863."

The court below decreed the relief asked, upon payment of $75.45, the sum named in the writing, with interest.

The defendant appealed from the decree.

The bill alleges that, in May, 1861, Mix, for a good consideration, agreed to sell the half lot to the then husband of complainant, Alexander Deslauries, who, with his family, took possession thereof, fenced it and built a house upon it in that month, and occupied it with his family until his death, on the 4th of July, 1862, and that complainant has occupied and resided in the same ever since; that, on the 15th day of April, 1863, Mix agreed to sell her the lot for $50, and give her four years to make the payment, but that he fraudulently inserted in the memorandum in writing he gave her, three years as the time; that she was illiterate, could not read writing, and could not speak English; that the business was done through an interpreter.

The bill does not pretend that there was any offer made to Mix of the purchase price until September 20th, 1866, but claims that that was within the agreed time of four years. The proof fails to support this allegation of the bill as to four years' time. The complainant herself testifies in support of it, but she is contradicted by Mix, and the writing speaks against her. Her brother testifies that she was to have four years to

make payment; but, on further questioning, his means of knowledge was what the interpreter told him. The writing must be taken as the evidence of what the time was.

The non-performance on the part of complainant in the delay to make any offer of payment of the purchase price for so long after the stipulated time, without any excuse therefor, would preclude the right to call for a specific performance, unless the stipulated time for payment had been waived.

The evidence shows that the first attempt at payment was through one Taylor, a brother of complainant. He paid the money to one Ballard, for Mix. Ballard afterward offered to pay the money to Mix, and asked him for a deed, saying that was his instruction. Mix inquired who let him have the money. Ballard told him. Mix then said he did not propose for Taylor to speculate on the lot at his expense. Ballard told him that Taylor left the money for his sister. Mix said that the time he had promised to make a deed in had passed and gone by. He wasn't going to wrong the woman, but he didn't propose to have Taylor make money out of it. There was another piece of testimony as to a conversation between Mr. Balduc, the present husband of the complainant, and Mix, relative to paying taxes on the lot for 1867 or 1868. Mix said that he had paid the taxes on Mrs. Balduc's lot. Mr. Balduc asked him how much he had paid. He said he believed he paid $5. Mr. Balduc then said it was not $5, and then offered to pay back $3.75, the amount of the taxes. Then Mix said that he would see, and tell him the next time he came. Here, after the expiration of the time for payment, was a distinct recognition by Mix of the lot being Mrs. Balduc's lot, and asking to have refunded to him a tax he had paid on the lot for the year 1867 or 1868, being a year subsequent to the three years' time named in the writing. Except for this one year, the complainant, according to the testimony, had paid all the taxes from the time of making the writing to the filing of the bill. We think there is evidence from which the court below might have inferred that there was a

waiver of the time stipulated in the writing for making the payment.

It is objected to the validity of this instrument in writing, that there was no agreement on the part of the complainant to pay; that there was no mutuality of obligation. The testimony of the complainant was, that, since the making of the writing, she had built, on the premises, a corn crib, barn, and sunk a well, and kept up the fences and paid the taxes. We consider that here would be enough of consideration to make the agreement of binding force as to Mix.

We think the decree may be supported under the evidence, and it will be affirmed.

*Decree affirmed.*