LYMAN E. CRANDALL

v.

CARL H. WILLIG *et al.*

*Filed at Ottawa April 3, 1897.*

1. CONTRACTS—*the matter of compelling specific performance rests with the court.* The matter of compelling specific performance of a contract rests with the court, to be determined by the exercise, according to settled principles of equity, of its sound legal discretion.

2. SAME—*contract must be based on sufficient consideration to justify specific performance.* To entitle a complainant to a decree for specific performance the contract sought to be enforced must be founded on a sufficiently fair consideration.

3. SAME—*equity will inquire into the real consideration of a sealed contract.* Equity will inquire into the real consideration of a contract, notwithstanding it bears a seal and recites a consideration.

4. SAME—*offer to sell may be revoked before acceptance.* An agreement to convey property, at the option of the proposed purchaser, at a certain price and within a designated period, is, in the absence of sufficient consideration, a mere offer to sell, revocable at any time before acceptance.

5. SAME—*purchaser delaying offer of payment cannot compel specific performance.* A proposed purchaser under an option contract who fails to offer payment for several months after the time specified is precluded from calling for a specific performance, in the absence of a waiver of the time for payment.

APPEAL from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

Appellant, Crandall, as assignee of the contract set out below, filed this bill in the circuit court of Cook county, against Carl H. Willig, Antonie Willig and De LaMoine Wickersham, for the specific performance thereof. The contract sought to be enforced is as follows:

"We, Carl H. Willig and Antonie Willig, his wife, of the city of Chicago, township of Jefferson, for and in consideration of the sum of one dollar and other valuable consideration to us in hand paid by De LaMoine Wickersham, of Chicago, do hereby give to the said De LaMoine Wickersham, heirs and assigns, the privilege of purchasing, on or before the first day of January, A. D. 1892, the following described real estate, situate in the county of Cook and State of Illinois, to-wit: A certain tract of land in the south-east fractional quarter of section five (5), township forty (40), range thirteen (13), east of the third principal meridian, known as the Fritz Willig land, containing $31\frac{745}{1000}$ acres; also ninety feet front on Elston road, extending back to the half section line, and containing $1\frac{85}{100}$ acres, with all buildings thereon, at and for the price of four hundred (400) dollars per acre, to be paid as follows, viz.: one-fifth at time of delivering of deed, in cash, the balance two, three, four and five equal payments annually, on or before, with release of any five acres upon payment of the *pro rata* amount due thereon, with six per cent per annum, to be secured by mortgage or trust deed on said real estate Carl H. Willig, said cash payment to be made and securities delivered on or before the first day of December, A. D. 1892, to De LaMoine Wickersham, or his assigns. I also agree to furnish a good abstract of title, showing good title to said real estate.

"In case the privilege of purchase hereby given is exercised, the price above named paid and secured, and the securities accepted as above provided, we agree to

convey and assure the said real estate to said DeLa-Moine Wickersham, heirs and assigns, by good and sufficient warranty deed, reciting a consideration of $13,200, free and clear of all liens or incumbrances whatsoever, except as to taxes and assessments or impositions levied, assessed or imposed upon said real estate subsequent to the year 1892.

"This instrument shall not be recorded, but is deposited by the said parties, by mutual agreement, with J. R. Wickersham; and in case the privilege of purchase hereby given is not exercised and the conditions hereof fully performed by said De LaMoine Wickersham, heirs or assigns, and written notice of such exercise and performance given by J. R. Wickersham to the said Carl H. Willig on or before the first day of January, A. D. 1892, said privilege shall thereupon wholly cease, but no liability to refund the money paid therefor shall arise, said abstracts of title to be returned in good order, and said J. R. Wickersham shall at once surrender this instrument to said parties for cancellation. During the existence of said privilege of purchase this instrument shall be binding on their heirs, executors, administrators and assigns, who may exercise the rights herein reserved by them and receive the surrender above mentioned.

"Witness my hand and seal this 28th day of May, A. D. 1890.

CARL H. WILLIG,
ANTONIE WILLIG,
DE LAMOINE WICKERSHAM.

Witness: A. S. WRIGHT."

Wickersham assigned this contract to Crandall by an endorsement on the back, dated December 12, 1892. The contract was drawn and executed in the office of J. R. Wickersham, a brother of D. L. Wickersham, and was in the handwriting of the former. The Wickershams and the attesting witness, Wright, testified that the contract was read over and explained to the defendant Willig and his wife, and then signed by the parties; but the

Willigs testified that when the contract was read in the form in which it now appears they objected to its running longer than one year, and that J. R. Wickersham then said he would change it; that he came back and read it over "for one year," and that they signed it with the understanding that it was to run only for one year. The evidence showed that after a year had passed Willig declared that the time had expired and that he would not carry out the contract, and so stated to D. L. Wickersham. Afterward, in December, 1891, D. L. Wickersham sent to Willig by registered letter the following notice:

*"Carl H. Willig, Esq.:*          "CHICAGO, *December 18, 1891.*

"DEAR SIR—Under your proposition under date May 28, 1890, I hereby notify you that I will take the property therein described on the terms mentioned in said proposition, and will arrange the details at any time when convenient to you.

"Very truly yours,          DE LAMOINE WICKERSHAM."

No attention was paid to this notice by Willig, and nothing further was done in the matter until March 31, 1893, when H. W. Helmer, on behalf of appellant, Crandall, made a tender to the Willigs of the first payment in the case, and of the notes and a trust deed securing them, as provided for in the contract, and also of a warranty deed for the Willigs to sign,—all of which was refused by them. While the contract recited the payment of the nominal consideration of one dollar by Wickersham, no consideration was in fact paid.

The cause was referred to the master to take the proofs, and to report the same, with his conclusions, to the court. The master reported and recommended that the prayer of the complainant's bill be granted. The appellees filed their objections to the master's report, which were overruled by him, but which were afterwards allowed to stand as exceptions in the circuit court. The tenth exception was as follows: "For that the said master finds that the contract of May 28, 1890, is a valid contract and binding upon the parties, whereas he should

find that the contract in question is without consideration, uncertain and vague, and not such a contract as a court of equity will enforce." The court struck out all the exceptions except the tenth, which was sustained, and the bill was dismissed for want of equity. The appellant appealed to this court.

SMITH, HELMER, MOULTON & PRICE, for appellant:

A completed contract may be specifically enforced, even though it originated in an offer which remained open some time before acceptance. On acceptance the contract becomes absolute and mutual in its obligations, and may be specifically enforced. *Herman* v. *Babcock*, 103 Ind. 461; *Frew* v. *Houghton*, 6 Col. 318; *Green* v. *Richards*, 23 N. J. Eq. 32; *Fessler's Appeal*, 75 Pa. 483; *Lynn* v. *McLain*, 80 Ala. 360; *Estes* v. *Furlong*, 59 Ill. 298; *Watts* v. *Kellar*, 56 Fed. Rep. 1; Fry on Specific Per. 200, *et seq.; Farwell* v. *Lowther*, 18 Ill. 252; *Perkins* v. *Hadsell*, 50 id. 217.

A written agreement to convey land, at the option of the proposed vendee, within a given time and at a certain price, if made upon a sufficient consideration, with full knowledge on the part of the person extending the option that he is bound and the other party is not, is such a contract as will be enforced in equity at the instance of the proposed vendee. When the party holding the option signifies his acceptance within the time limited and upon the terms stated, the obligation of the contract becomes mutual, and capable of enforcement at the instance of the other party. *Johnston* v. *Tripp*, 33 Fed. Rep. 530; *Butler* v. *Thompson*, 92 U. S. 412; *Towle* v. *Freeman*, 9 Ves. 351; *Glason* v. *Bailey*, 14 Johns. 484; *In re Hunter*, 1 Edw. Ch. 1; *Howralty* v. *Warren*, 18 N. J. Eq. 124; *Pettibone* v. *Moore*, 75 Hun, 461; *Houghwout* v. *Baisanbin*, 18 N. J. Eq. 318; *Cheney* v. *Cook*, 7 Wis. 413; *Wilcox* v. *Klein*, 30 Mich. 517.

Specific performance will be decreed in a suit by an assignee, in his own name, of an agreement, giving an option for the purchase of certain lands at a specified

price and on specific terms, where the assignee has substantially performed, or offered to perform, the agreement on his part. *Perkins* v. *Hadsell,* 50 Ill. 216; Pomeroy on Specific Per. 487.

WILLIAM VOCKE, and JOHN J. HEALY, for appellees:

A party cannot, as a matter of right, have a contract specifically enforced in equity, but the exercise of that power rests in the sound discretion of the court, in view of the terms of the contract and all the surrounding circumstances. *McCabe* v. *Crosier,* 69 Ill. 501; *Wood* v. *Evans,* 113 id. 186; *Hoyt* v. *Tuxbury,* 70 id. 331; *Vigers* v. *Pike,* 8 C. & F. 562.

A party seeking the specific performance of a contract for the sale of land must show that he has always been ready, willing and eager to perform on his part. *Hoyt* v. *Tuxbury,* 70 Ill. 330; *Longfellow* v. *Moore,* 102 id. 289; *McCabe* v. *Crosier,* 69 id. 501; *Linn* v. *McLean,* 80 Ala. 360; *Babcock* v. *Emrich,* 64 How. Pr. 441; *Benedict* v. *Lynch,* 1 Johns. Ch. 379; *Mix* v. *Balduc,* 78 Ill. 215; *Alley* v. *Deschamps,* 13 Ves. 224.

Courts of equity will only decree a specific performance when the contract is in writing, and is certain and fair in all its parts, and is for an adequate consideration. *Hamilton* v. *Harvey,* 121 Ill. 469; *Wood* v. *Evans,* 113 id. 186; *Tink* v. *Walker,* 148 id. 234; *Bowman* v. *Cunningham,* 78 id. 48; *Wallace* v. *Rappleye,* 103 id. 229; *Winter* v. *Trainor,* 151 id. 191; *Mix* v. *Balduc,* 78 id. 215; 2 Warvelle on Vendors, 769; 1 Pomeroy's Eq. Jur. 383; *Ide* v. *Leiser,* 24 Pac. Rep. 695; *Brasber* v. *Gratz,* 6 Wheat. 528; *Hawralty* v. *Warren,* 18 N. J. Eq. 124.

A unilateral or option contract which is not supported by a good or valuable consideration may be revoked at any time before acceptance by the vendee. *Pettibone* v. *Moore,* 75 Hun, 461; *Perkins* v. *Hadsell,* 50 Ill. 216; *Railroad Co.* v. *Bartlett,* 3 Cush. 224; *Ide* v. *Leiser,* 24 Pac. Rep. 695; *Gentry* v. *Rogers,* 40 Ala. 442; *True* v. *Houghton,* 6 Col. 318; *Gordon* v. *Darnell,* 5 id. 304.

Mr. JUSTICE CARTER delivered the opinion of the court:

It seems clear to us that appellant has no case. It rests in the sound legal discretion of the court whether it will or not compel the specific performance of a contract. True, that discretion must be exercised according to the settled principles of equity, and not arbitrarily. (*Allen* v. *Woodruff*, 96 Ill. 11.) But to entitle the complainant to a decree the contract must be founded on a sufficient consideration, and must be reasonable, fair and just. Relief will not be granted unless it will subserve the ends of justice. (*Chicago, Burlington and Quincy Railroad Co.* v. *Reno*, 113 Ill. 39.) And in the case of unilateral contracts the courts will exercise their discretion with great care, and will view any delay of the purchaser with especial strictness. *Estes* v. *Furlong*, 59 Ill. 298; *Harding* v. *Gibbs*, 125 id. 85.

The contract in the case at bar was a mere option given by the Willigs to Wickersham to purchase the land in question within the time mentioned, and there was, before its acceptance, no consideration to support the contract. It was therefore within the power of the Willigs to withdraw this option at any time before their offer to sell was accepted. True, the contract was under seal, and purported to be based upon the nominal consideration of one dollar; but the evidence showed that there was in fact no consideration whatever, and it is well settled that in equity the real consideration may be inquired into, and the parties are not concluded by the recitals in the contract, though under seal. "Equity," says Mr. Pomeroy, "will never enforce an executory agreement unless there was an actual valuable consideration, and, unlike the common law, it does not permit a seal to supply the place of a real consideration. Disregarding mere forms and looking at the reality, it requires an actual, valuable consideration as essential in any such agreement, and allows the want of it to be shown, notwithstanding the seal, in the enforcement of covenants,

settlements and executory contracts of every description." 3 Pomeroy's Eq. Jur. sec. 1293.

It is clearly proved in this case that after the expiration of one year,—the period which the Willigs claimed they understood the contract was to run,—and before its acceptance by Wickersham, the Willigs refused to perform but declared it to be at an end, and so notified Wickersham. After they had repudiated it and had declared to him that they would never perform it, he sent them his written acceptance, to which they paid no attention, and still later he assigned the contract to appellant. When, therefore, appellant received the contract it had no binding force. It could not have been enforced by Wickersham, and Crandall was in no better position than he. More than this, Crandall did not tender the purchase money necessary to be paid until several months after the time of payment as fixed by the contract, if it could be regarded as still in force. Appellees were not bound to hunt up the assignee of the contract and tender him a deed, but appellant should himself have offered to pay if he wished to enforce the contract. In *Mix* v. *Balduc*, 78 Ill. 215, it was held that where the purchaser delays the offer of payment for five months after the stipulated time without any excuse therefor, his right to call for a specific performance will thereby be precluded, unless the time stipulated for payment has been waived. There can be no pretense of a waiver here.

There were several mistakes and imperfections in the contract which we have not thought it necessary to notice.

The decree of the circuit court is affirmed.

*Decree affirmed.*