(No. 30309.—

PAUL W. KAISER, Public Admr., *et al.,* Appellants, *vs.* JEAN ALMER COBBEY *et al.,* Appellees.

*Opinion filed May 20, 1948.*

Cummings & Wyman, of Chicago, (Austin L. Wyman, and K. W. Teuthorn, of counsel,) for appellants.

Gaylord A. Toft, and William Pellicore, both of Chicago, and L. Eric Carey, of Zion, for appellees.

Mr. Justice Fulton delivered the opinion of the court:

This is an action in equity brought in the circuit court of Lake County for the specific performance of a contract and the terms of a will made in accordance therewith and in consideration thereof. The complaint was brought jointly by the assignee of all interest in and to, and by the administrator of, the estate of an intestate, primarily against the executor and all legatees and devisees under a subsequent will of the party alleged to be obligated under the contract and testatrix of the will made in accordance therewith, and secondarily against the personal representatives, heirs, legatees and devisees of the other parties to the contract who might claim some interest therein. Certain of the defendants moved to strike for want of equity, which motion, after hearing on March 15, 1947, was allowed and the cause dismissed by an order from which this appeal is taken.

It appears from the pleadings filed herein that on August 13, 1935, Luella Heinroth, aged eighty years, entered into a contract under seal with Alice Heinroth, her sister, a spinster of sixty-six years, and Elizabeth M. Heinroth, her sister-in-law, for the benefit of William C. Heinroth, seventy-six years of age, a brother of Luella and Alice and husband of Elizabeth. The contract in question provides as follows:

"This Agreement made this 13th day of August, A.D. 1935, between Luella Heinroth, hereinafter described as first party, and

Alice Heinroth, hereinafter described as second party, and Elizabeth M. Heinroth, hereinafter described as third party, Witnesseth:

Whereas, the first party is about to make her last Will and Testament, and is desirous of providing for her brother William C. Heinroth, although not by said Will.

1. It is hereby covenanted and agreed by and between the parties hereto, that in consideration of the first party bequeathing by her Will the bulk of her estate in equal shares absolutely to the second party and third party, respectively, the said second party and third party agree as follows:

2. The second party, in consideration of the foregoing, agrees and covenants that she will by her Last Will and Testament leave so much of the said property, or avails thereof, bequeathed and devised to her by the first party as she shall have at the time of her death, to William C. Heinroth.

3. The third party, in consideration of the foregoing, agrees and covenants that she will by her last Will and Testament leave so much of the said property, or avails thereof, bequeathed and devised to her by the first party as she shall have at the time of her death, to William C. Heinroth."

On or about the same date, that is, August 13, 1935, Luella Heinroth executed a last will and testament leaving approximately 46/48ths of her estate to Alice Heinroth and Elizabeth M. Heinroth. Alice Heinroth and Elizabeth Heinroth made no wills at this time.

On April 6, 1936, William C. Heinroth died intestate and left him surviving as his only heirs-at-law and next of kin, Elizabeth, his wife, and Alice and Luella, his sisters. On November 19, 1936, Alice Heinroth died testate leaving a last will and testament. Elizabeth Heinroth died testate on December 16, 1940. Luella Heinroth died at the age of ninety-one years on February 7, 1946, leaving an instrument in writing purporting to be her last will and testament dated May 4, 1942, providing for specific bequests to parties set forth therein with the entire rest, residue and remainder to Jean Almer Cobbey, who was also appointed executor thereof.

The defendants and cross appellants, Raymond David Tichy, sole heir-at-law and next of kin of Elizabeth, as well as residuary legatee and principal beneficiary under

her will, and E. J. Fiolek, administrator *de bonis non* with will annexed of Elizabeth's estate, filed their counterclaim for 23/48ths of Luella's estate by virtue of being the lawful successors to Elizabeth's interest under the contract and will of August 13, 1935.

The defendant and cross-appellant, Harold Bergan, administrator of Alice's estate, filed his counterclaim for specific performance of the contract of August 13, 1935, claiming 23/48ths of Luella's estate by virtue of being the lawful successor to Alice's interest under the contract and will of August 13, 1935.

The plaintiffs-appellants, Violet R. Needham and Paul W. Kaiser, the administrator of William's estate, claim 46/48ths of Luella's estate by virtue of being, respectively, assignee and lawful successors to William's interest under the contract of August 13, 1935, and Luella's will of the same date. The theory of these parties is that the contract of August 13, 1935, was made primarily for William's benefit, and since they have succeeded to and control all interest of William's estate they are, therefore, entitled to recover. Violet Needham's interest as assignee was obtained by two assignments, one from Elizabeth on October 10, 1936, assigning all property which might become distributable to her, Elizabeth, out of the estate of William as his surviving spouse, and the second, an assignment from Alice on September 26, 1936, of all property which might become distributable to her, Alice, out of the estate of William, as his surviving sister.

The defendants, Jean Almer Cobbey, principal beneficiary and executor of Luella's will of May 4, 1942, with codicil, and his lesser cobeneficiaries, claim on the theory that the will was revocable and that Luella had the right to change her will of August 13, 1935, even though it had been executed pursuant to and in consideration of the contract of the same date.

The principal pleadings herein consist of the complaint

as amended, two counterclaims as amended. and the motion of the several defendants to strike and dismiss. No evidence was taken by the trial court and this appeal, therefore, presents only a question of law on the pleadings in the record. The trial court, after argument on the motion to strike, granted the motion and the appellants' appeal to this court.

The basis for the contentions of all parties claiming under the contract and will of August, 1935, is that the contract was supported by sufficient and valid consideration in that the release of expectancy as heir presumptive or apparent to an ancestor on an agreement not to contest or question the will furnishes adequate consideration to enforce specific performance of the terms of the contract and will made in accordance therewith and as a part thereof, and that execution thereof under seal imports a consideration; that the contract and will grow out of the same transaction and must be construed together as one instrument, and so construed constitute a completely executed contract creating *in praesenti* a sufficient vested interest in the beneficiaries thereunder to enforce specific performance thereof upon the death of the promisor, which survived to those claiming under them; and that a legacy given for a valuable consideration does not lapse if the legatee predeceases the testator.

The defendants who claim under the will of Luella Heinroth dated May 4, 1942, argue that contracts to make wills are not favored by the courts, but even if such contract were to be considered as valid it lacks certainty and, therefore, cannot be specifically enforced. They further contend that Luella Heinroth promised nothing in the alleged agreement of August 13, 1935, and that there was no consideration for the alleged promise of Luella Heinroth to make a will. They further state that the contract was breached by both Alice Heinroth and Elizabeth Heinroth in that neither of them carried out their part of the agree-

ment of August, 1935, and, therefore, neither of them could be entitled to specific fulfillments of that agreement.

In *Klussman* v. *Wessling*, 238 Ill. 568, under circumstances similar to the case at hand, we said "it is clear from the authorities that such contracts do not stand upon an especially favored footing; that a court will be more strict in examining into the nature and circumstances of such agreements than with other contracts." The only evidence before us as to the facts and circumstances surrounding the agreement and will is contained in the contract and will of August 13, 1935. They must be examined together to disclose the intention of the parties and the meaning of the instruments and should be considered as one entire document. *Hudnall* v. *Ham,* 183 Ill. 486; *Keith* v. *Miller,* 174 Ill. 64.

The preamble to the contract clearly states that Luella Heinroth is desirous of providing for her brother William, but did not desire to do so by her will. By this contract, for the benefit of her brother, Alice and Elizabeth agreed that in consideration of Luella Heinroth leaving to them equal shares in the bulk of her estate they, in turn, would, by will, leave such of the property as remained on their death to William. At the time the parties entered into this contract, Luella was the eldest, then being eighty years old. William was seventy-six years of age, and Alice was sixty-six. All the parties hereto claiming under the contract and will of August 13, 1935, contend that adequate consideration to enforce specific performance of the contract is found in the release of expectancy as heir presumptive or apparent by the parties to the contract and that any agreement not to contest the will also furnishes consideration. Their argument is that under the family status of Luella Heinroth, Alice, the sister, was heir presumptive or apparent to the half or whole of her estate and that the effect of the contract in question was to procure a release of the expectancy of Alice. In support of this contention,

the appellants cite *Donough* v. *Garland*, 269 Ill. 565, which epitomizes all of the cases cited by the appellants in support of this contention.

With this argument we cannot agree. The contract in question does not in express terms release the expectancy nor does it contain any agreement not to contest or question the will. The contract itself is merely an agreement whereby Alice and Elizabeth will devise so much of the property as remains in their hands at their death to William if, in the first instance, Luella establishes her will in accordance with the contract. We fail to see any consideration in the agreement sufficient to establish vested rights in the property in Alice and Elizabeth at the time the contract was made.

In *Corbett* v. *Cronkhite*, 239 Ill. 9, this court refused to grant specific performance of a contract because of lack of consideration, notwithstanding the fact that the contract was under seal, saying: " 'Equity will never enforce an executory agreement unless there was an *actual* valuable consideration, and, unlike the common law, it does not permit a seal to supply the place of a real consideration. Disregarding mere forms and looking at the reality, it requires an actual valuable consideration as essential in every such agreement, and allows the want of it to be shown, notwithstanding the seal, in the enforcement of covenants, settlements and executory contracts of every description.' (3 Pomeroy's Eq. Jur.—3rd ed.—sec. 1293.) In Anson on Contracts (2d Am. ed. p. 61,) in discussing the question of consideration, that author states that equity 'would not extend its peculiar remedy of specific performance to gratuitous promises, even though they were under seal.' In Clark on Contracts (2d ed. p. 60), it is stated: 'The idea of consideration as a necessary element of contract has always met with peculiar favor in courts of chancery. Equity will not grant its peculiar remedy of specific performance nor exercise its peculiar power to correct

mistakes and reform contracts where the promises are without consideration, even though they are under seal.' * * * in *Crandall* v. *Willig*, 166 Ill. 233, * * * it was said (p. 239) : 'True, the contract was under seal and purported to be based upon the nominal consideration of one dollar; but the evidence showed that there was, in fact, no consideration whatever, and it is well settled that in equity the real consideration may be inquired into, and the parties are not concluded by the recitals in the contract, though under seal.' In the recent case of *Poe* v. *Ulrey*, 233 Ill. 56, this court sanctioned the rule as laid down in *Crandall* v. *Willig, supra.* We think this rule is supported by the great weight of authority and may now be considered the settled law in this State."

This contention of the appellants herein also fails under the holding in the case of *Williams* v. *Swango*, 365 Ill. 549, wherein it was said: "It is a rule of law that heirs of a deceased cannot be said to have released their inheritance except on proof, by an instrument that is clear and unambiguous." To like effect is the case of *Mires* v. *Laubenheimer*, 271 Ill. 296. There is no clear and unambiguous language releasing the expectancy of Alice to be found in the agreement, and the rule enunciated in the above cases must apply.

It is to be noted that William C. Heinroth, the beneficiary of the contract, predeceased all of the parties to the contract. How then, can it be argued that the parties intended that the contract remain in full force and effect? The more reasonable view, obtained from a reading of the instrument in question, is that when William Heinroth died, the sole purpose for the agreement was gone and the agreement was at an end and that at that time any rights of Alice and Elizabeth were extinguished. That the parties considered this to be true can be presumed from the fact that neither Alice nor Elizabeth ever made wills in favor of William or in favor of any of his descendants.

If it can be argued that the contract of August, 1935, was based on good and valuable consideration, then it must logically follow that both Alice and Elizabeth breached the contract when they failed to make their wills in accordance with the agreement after Luella had made hers.

Nor can it be argued that under the circumstances herein, vested interests were created in Luella's property at the time of the contract in question. Let us examine and ascertain what the agreement really was. Luella desired her brother William provided for when she died. Her sister Alice was willing to devise what she received from Luella to William when she died. Elizabeth, the wife of William, was willing to do the same thing when she died. Luella agreed to will to Alice and Elizabeth the bulk of her property when she died. The agreement was to will. The word "will" connotes the law pertaining to wills. The purpose expressed in the will does not limit the law of wills. Here if the will of Luella made in 1935 had remained in effect until her death, the provision for Alice and Elizabeth would have been ineffective to transfer any property to them because their death prior to that of Luella requires the devise to be abated.

It was then in the power of Luella to do for William what she anticipated could be done by Alice and Elizabeth. It will be presumed that the contract used the word "will" advisedly. It appears that the will was prepared by an able lawyer. When the will of Luella gave property to Alice and Elizabeth it gave it conditioned upon them surviving Luella. If they did not survive, the law decreed they take nothing and, taking nothing, could pass nothing by will or contract to William by virtue of Luella's will. The contract as far as possible was performed by Luella, but the element of defeasance was contained within itself, *viz.*, that it was subject to the law of wills. The contract obligated Luella to make a will and she did so with all the effects of a will. The fact that Alice and Elizabeth did

not make a will does not affect the result because they each agreed to will to William "so much of said property * * * bequeathed and devised to her by Luella, as she shall have at the time of her death." Neither received anything from Luella because each had died previous to Luella and the devise abated as to each. This is a result of the law of wills and of the contract because it was necessary that each receive property under a will before being obligated to provide for William.

These observations all go to the point that conditions were contained in the contract by the use of the word "will," the law of wills, and the ambulatory nature of wills. Since the agreement between the parties was to make wills and the law of wills would never have given William anything by the performance of the contract to make a will, it logically follows he never had any right to any of the property of Luella that he could pass on to heirs or assignees. A vested interest cannot be created by the contract unless its full performance would have put the title in William during his lifetime. The operation of the law of wills, which was a part of the contract, under the facts in this case, prevents such a result.

It is to be noted that both Elizabeth and Alice predeceased Luella. That Luella was under the impression that the contract was revoked by the death of these parties during her lifetime is apparent from the fact that she made another will disposing of her property as she saw fit. It cannot be argued that if Luella had not made the will of August 13, 1935, Alice and Elizabeth would have had the rights under the contract to proceed in action for specific performance against Luella to obtain the property therein mentioned. In the situation as presented in this case, to allow specific performance of this contract and will would be to tax the powers of a court of equity to an extent not contemplated in the law.

On the basis of the facts before us, we hold that the

agreement and will of August 13, 1935, were made in contemplation of the parties thereto, and particularly William C. Heinroth, outliving Luella Heinroth and that no vested rights were created by that agreement. We further hold that the deaths of Alice, Elizabeth and William prior to the decease of Luella, rendered the contract and will nullities in the eyes of the law. That such was the intention of the parties is borne out by the facts, circumstances and actions of the parties.

In view of our decision in this matter, it is unnecessary to discuss the further contentions of the parties involved. The order of the circuit court of Lake County striking the complaint and dismissing the suit for want of equity was proper, and is affirmed. *Order affirmed.*