THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Plaintiff, *v.* AMELIA E. WIEMER *et al.*, Defendants.—(AMELIA E. WIEMER, Third-Party Plaintiff-Appellant, *v.* THE HAVANA NATIONAL BANK, Third-Party Defendant-Appellee.)

Third District   No. 80-485

Opinion filed May 28, 1981.—Rehearing denied June 29, 1981.

Jay H. Janssen, of Peoria, for appellant.

David B. Radley, of Baymiller, Christison & Radley, of Peoria, for appellee.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

On January 6, 1977, Northwestern Mutual Life Insurance Company (Northwestern), the plaintiff, filed a suit to foreclose its mortgage on a 310-acre farm in Marshall County. The farm was held in trust by the Havana National Bank (Havana Bank), as trustee, and Amelia Wiemer as beneficiary. Mrs. Wiemer's answer, by way of a third-party complaint, sought indemnification from Havana Bank for breach of trust. This latter cause was severed from the foreclosure litigation and is the basis for this appeal. In the third-party action, Mrs. Wiemer, as plaintiff, and Havana Bank, the defendant, filed cross-motions for summary judgment. Mrs. Wiemer appeals the trial court's denial of her motion.

On March 28, 1968, Mr. and Mrs. Wiemer (Mr. Wiemer is now deceased) executed a trust agreement with Havana Bank. The purpose of

the trust was consolidation of the Wiemers' debt to Havana Bank and the Herget National Bank of Pekin (Herget Bank), thereby enabling the Wiemers to purchase the Marshall County farm. Under the trust's terms, Havana Bank, as trustee, obtained a $60,000 loan from the Herget Bank and advanced $35,000 of its separate funds to the trust to pay off the purchase contract. Payment of the latter sum was secured by a mortgage to Havana Bank individually. On June 24, 1968, again as trustee, Havana Bank, and the Wiemers, as beneficiaries, executed a mortgage and note to Northwestern for a $70,000 loan to the trust. Havana Bank subordinated its lien to Northwestern's mortgage. The $70,000 loan released the interim debt financing provided by Herget Bank.

As trustee, Havana Bank had a duty to manage the farm and apply its income to pay existing debts. On January 21, 1976, Mrs. Wiemer's attorney sent a letter to Havana Bank requesting termination of the trust. Havana Bank replied that Mrs. Wiemer did not have authority to end the trust in such a manner.

On February 4, 1976, approximately $8,000 was in the trust's account. The mortgage payment of $4,035.50 to Northwestern was due on April 1, 1976. Instead of segregating funds to meet this obligation, Havana Bank, as trustee, paid the entire sum to itself to partially satisfy its second mortgage. Consequently, the Northwestern payment was omitted. Northwestern invoked the mortgage's acceleration clause calling the entire loan due, and the mortgagor, Mrs. Wiemer, defaulted. Eventually, the mortgage was foreclosed. During the subsequent redemption period, Mrs. Wiemer was able to redeem the title to the farm.

Emerging from this factual backdrop is a single issue. Was the trial judge correct in finding the trustee did not breach the trust and ordering summary judgment for Havana Bank? Responding in the negative, we reverse.

A trust relationship existed between Havana Bank and Mrs. Wiemer by virtue of the trust agreement. (*Havana National Bank v. Wiemer* (1975), 32 Ill. App. 3d 578; *Wiemer v. Havana National Bank* (1978), 67 Ill. App. 3d 882.) Ascertaining whether the trust was breached requires scrutiny of the trustee's conduct as well as the written trust agreement creating the trustee's duties. What does the trust say?

Article Six of the trust says:

> "The Havana National Bank shall have control of the management, renting, and possession of the property. Trustee shall apply the net income from the property and in the same manner and in the same order as the net proceeds of sale."

Under the power of sale provision of Article Three, the trustee was to apply any sale proceeds:

> "* * * of the income producing part of the farm to the first mort-

gage indebtedness with the excess being applied to said second mortgage indebtedness."

Therefore, in disbursing trust funds, Northwestern's first mortgage enjoyed priority over other debts.

Mrs. Wiemer contends the trustee's payment of $8,000 from the trust to the Havana Bank violated the trust agreement. We agree.

■■ ■ When a trustee fails to administer a trust according to its terms, a breach of trust results. (*White v. Macqueen* (1935), 360 Ill. 236, 248.) Havana Bank, as trustee, had a duty to pay the semi-annual payments on the Northwestern mortgage. The trustee knew that mortgage had priority since it not only prepared the trust agreement, but expressly subordinated its lien to that of Northwestern. Nonetheless, it breached the trust by applying the $8,000 to partially discharge its own second mortgage.

■■ Havana Bank argues Mrs. Wiemer's letter of January 21, 1976, and her subsequent repossession of the farm repudiated the trust relationship. This contention is unpersuasive. The purpose of the trust was consolidation of the Wiemer's debt so they could buy a farm and work it. The trust was valid for 20 years. A beneficiary cannot terminate a trust where its object has not been accomplished in the absence of a provision allowing her to do so. (*Anderson v. Williams* (1914), 262 Ill. 308, 315.) The trust did not give Mrs. Wiemer any such right nor had its purpose been accomplished.

Even if Mrs. Wiemer's actions could constitute a repudiation, the trustee breached its duties of good faith, loyalty, and to account to the beneficiary for all trust transactions. (*Stuart v. Continental Illinois National Bank & Trust Co.* (1977), 68 Ill. 2d 502, 522.) Faced with the January 21st letter, the trustee had three permissible alternatives; apply the $8,000 to the Northwestern lien; apply $4,035.50 to the Northwestern lien and the excess to Havana Bank's second mortgage; remit the entire sum to Mrs. Wiemer. By ignoring these choices, the trustee misapplied those funds for its own personal gain. This is a classic example of self-dealing. By placing Havana Bank's individual interests above that of the superior mortgagee, and therein the trust's, the trustee caused that mortgage's default. In so doing, the trustee abandoned the trust, abrogating its duties of fidelity to the interest of the trust and good faith in the trust's administration.

■■ In seeking summary judgment, both parties stated no genuine issue of fact existed. To argue in this appeal, as has been done, that material disputed facts exist, belies the parties' earlier, verified pleadings. Procedurally, the trial court decided this cause on cross-motions for summary judgment. This was correct. Since both parties submitted motions for summary judgment, they admitted the adequacy of their opponent's

motion and accompanying affidavits. *Allen v. Meyer* (1958), 14 Ill. 2d 284, 291.

The liability of the trustee, Havana Bank, for breach of trust is abundantly clear. If the trustee had paid Northwestern instead of Havana Bank, the first mortgage would not have been foreclosed. The burden and expense of this latter litigation would have been avoided. Since the trial court incorrectly denied Mrs. Wiemer's motion for summary judgment, we do not know what the evidence, if any, might show as to the extent of her damages due to the trustee's breach. Therefore, a remand for a trial to ascertain those damages is required.

For these reasons, the orders granting Havana National Bank's motion for summary judgment and denying Mrs. Wiemer's are reversed. Judgment is hereby entered for Mrs. Wiemer. This cause is remanded to the Marshall County Circuit Court solely for a trial on the issue of damages.

Reversed and remanded with directions.

SCOTT, P. J., and BARRY, J., concur.