WILLARD J. COMISKY *et al.*, Plaintiffs-Appellees, *v.* FARM DEALER SUPPLY, INC., Defendant-Appellant.

Third District    No. 81-72

Opinion filed September 9, 1981.

Julian E. Cannell and Karen M. Stumpe, both of Kavanagh, Scully, Sudow, White & Frederick, P. C., of Peoria, for appellant.

Harold H. Kuhfuss and W. Thad Kuhfuss, both of Kuhfuss & Kuhfuss, of Pekin, for appellees.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

This cause involves a landlord-tenant dispute arising from the landlord's termination of the lease. On appeal we are asked to review the trial court's order granting the landlord's motion for summary judgment.

On June 30, 1976, Willard J. Comisky and Margaret M. Comisky, as landlord, and Farm Dealer Supply, Inc., as tenant, entered into a written lease agreement for commercial real estate located in Pekin, Illinois. The term of the lease was July 1, 1976, to June 30, 1981. The tenant covenanted to "maintain all buildings and parking lots located in said premises, at its expense, in a proper state of repair during the term of this lease, ordinary wear and tear excepted." The lease also granted to the tenant an option to purchase the real estate at the end of the term of the lease. Such option was to be exercised by written notification to the landlord prior to thirty days before expiration of said term.

On September 10, 1980, the landlord served written notice of termination on the tenant. It stated in part:

"\* \* \* You covenanted to maintain the building located on the premises in a proper state of repair during the term of the lease, which you have failed to do, in spite of notice to you and demand made upon you to do so, we have decided to determine your lease and you are hereby notified to quit and deliver up possession of the premises to us within ten (10) days of service of this notice."

The tenant requested that the landlord specify how the tenant failed to maintain the building in a proper state of repair. By letter dated September 30, 1980, the landlord indicated that roof repair, estimated to cost $6,353 was needed, as well as painting, replacement of door glass, and trimming of weeds.

On October 6, 1980, the landlord filed a complaint for forcible detainer seeking possession of the leased property. The tenant responded with a motion for summary judgment. Before so doing, the tenant, by letter dated November 4, 1980, tendered rent payments, the amount claimed by the landlord for roof repairs, and exercised his option to purchase the subject real estate. Thereafter, the landlord filed a motion for summary judgment. The landlord's motion was granted by order entered December 15, 1980. Accordingly, possession of the leased property was awarded to the landlord. The tenant's motion for reconsideration was denied.

On appeal, the tenant claims that the trial court erred in granting the landlord's motion for summary judgment.

Initially, the tenant claims that there were disputed factual issues so it

was error for the trial court to grant the landlord's motion for summary judgment. The tenant claims that it is disputed whether the terms of the lease were breached by the tenant; whether the roof repairs requested by the landlord were the tenant's duty to repair; and, whether the landlord waived his right to terminate the lease by his prior conduct.

■■ Section 57(3) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 57(3)), sets forth the procedure for summary judgments in Illinois. It provides as follows:

"(3) Procedure. The opposite party may prior to or at the time of the hearing on the motion file counteraffidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

In reviewing the pleadings and affidavits filed in this matter, we discover no material disputed issue of fact. In response to the landlord's action for forcible entry to regain possession, the tenant filed a motion for summary judgment. Rather than contesting the factual issue of a breach of the lease as claimed by the landlord, the tenant instead presented to the court that no genuine issue of material fact existed between the parties. Therein, the tenant admitted the facts as presented in the landlord's complaint. The tenant may not now present to this court on appeal that disputed issues of fact exist.

■■ Procedurally, the trial court decided this cause on cross-motion for summary judgment. This was correct. As both parties moved for summary judgment the court was thereby invited to decide the issues solely by reference to the pleadings in the file. It is clear that all the material facts were before the court. The issues were defined; the parties were agreed that only a question of law was involved. The trial court resolved the question of law in favor of the landlord. It is not suggested to us on appeal that the trial court erred in applying the law. Rather, the tenant only raises matters of alleged factual dispute in support of its claim that the trial court erred in granting the landlord's motion for summary judgment. Such matters are not within our scope of review in a case decided upon cross-motions for summary judgment. As the tenant does not even allege that the trial court misapplied the law in deciding the cross-motions for summary judgment in favor of the landlord, we see no reason to reverse their decision. Moreover, our review of Illinois law confirms that the trial court correctly granted the landlord's motion for summary judgment.

Accordingly, for the reasons stated, we affirm the order of the Tazewell County Circuit Court.

Affirmed.

BARRY and STOUDER, JJ., concur.