*In re* ESTATE OF WILLIAM J. BRESLER, Deceased (Burton F. Grant, Ex'r of the Estate of Sophie J. Bresler, Deceased, Plaintiff-Appellant, v. Estate of William J. Bresler, Deceased, Defendant-Appellee).

First District (2nd Division)   No. 86—2696

Opinion filed June 23, 1987.

Barry A. Feinberg, P.C., of Chuhak, Kienlen & Feinberg, of Chicago, for appellant.

Ira Gould and John L. Hines, Jr., both of Holleb & Coff, of Chicago, for appellee Estate of William J. Bresler.

Winston & Strawn, of Chicago (Daniel W. Weill, Bernard T. Wall, and Nancy J. Brown, of counsel), for appellee Rhoda Bresler.

Howard C. Emmerman and Cary N. Goldberg, both of Rudnick & Wolfe, of Chicago, for other appellees.

JUSTICE HARTMAN delivered the opinion of the court:
Plaintiff appeals from summary judgment granted to defendant, thus denying plaintiff's claim for 15% of decedent's estate based on a legacy required by a property settlement incorporated into a divorce

decree (judgment). Plaintiff raises for review the issue of whether an agreement to create a legacy for a former wife required by the property settlement and divorce judgment is abated when the former wife predeceases her former spouse and no contractual provision is made for such contingency.

Sophie J. Bresler (Sophie), married to William J. Bresler (William) on October 30, 1932, entered into a separation and property settlement agreement with William on December 1, 1961. The agreement was approved and incorporated in a divorce judgment entered on January 2, 1962. Both the property settlement and the divorce judgment required that William leave Sophie a legacy in his will, the judgment providing in pertinent part:

> "12. It is further ordered that WILLIAM J. BRESLER shall leave to his wife, SOPHIE J. BRESLER, a legacy in the sum of fifteen (15%) per cent of his entire estate after discharge of all obligations."

The legacy clause contained in the property settlement at issue in this appeal reads as follows:

> "3. The husband further agrees that he will leave to the wife a legacy in the specific sum of fifteen (15%) percent of his entire estate after discharge of all obligations. Said undertaking by the husband is a specific undertaking whether or not a Decree of Divorce is ever entered by and between the husband and wife herein."

No provision appears in either document as to the legacy with respect to the situation which eventuated: that Sophie would predecease William.

Both the property settlement and divorce judgment further required that: each party would give up their respective claims to dower, curtesy and all other inheritance claims; William would give Sophie marketable securities worth approximately $165,000 outright; and William would pay Sophie $166,375 in cash, in full settlement of all her claims against William and his property, by monthly installments over a period of 10 years and one month. Clause 11, covering the last-described installment payments, provided, in part, that the installments were to be construed only as additional amounts of property settlement on an installment plan, the aggregate sum thereof being a vested right in Sophie. Significantly, it was explicitly specified that in the event of Sophie's death prior to the time that the aggregate sum of installments was paid in full, the balance due would become an asset of her estate. Further, in the event that William predeceased payment of the sum in full, the balance due under

the monthly installment plan would become a liability of William's estate in favor of Sophie or in favor of her estate if she predeceased him.

Sophie died on October 10, 1984, and by will bequeathed all her property to her daughter Roberta Ashman (Roberta). On June 11, 1985, William made a new will. No legacy for Sophie or her estate appeared in this will. William placed the bulk of his estate into two trusts to benefit his second wife, Rhoda, with specific bequests to his brothers and his grandchildren. His children, Stanley Bresler (Stanley) and Roberta, would receive his personal effects if Rhoda died within 30 days. Roberta's descendants were to receive 20% of the balance of the trusts and Stanley's 80% after both William and Rhoda died. William died on September 22, 1985. His will was admitted to probate on October 7, 1985.

On March 27, 1986, Sophie's estate, plaintiff here, filed a claim for 15% of William's entire estate, based upon the property settlement and judgment for divorce. This proceeding was consolidated with a petition for a rule to show cause originally filed in the divorce division. The circuit court granted permission for Rhoda and William's grandchildren and legatees to appear in these proceedings.

On May 19, 1986, William's estate moved for summary judgment and was joined by Rhoda and William's grandchildren. On July 11, 1986, Sophie's estate also moved for summary judgment. On August 11, 1986, Sophie's estate filed an affidavit from Sophie's divorce lawyer, who averred that both parties intended and understood that Sophie was unequivocally entitled to and vested with 15% of William's estate in return for relinquishing her future rights.

On August 14, 1986, after a hearing, the circuit court granted summary judgment to William's estate and Rhoda and William's grandchildren. The court then denied summary judgment to Sophie's estate, dismissed the petition for rule to show cause, and struck Grant's affidavit. No issue is made of the propriety of the latter action by the court.

On September 10, 1986, Sophie's estate filed a motion for reconsideration. Another affidavit from Sophie's divorce lawyer was attached, averring that Sophie and William were informed and understood that Sophie had a vested right to 15% of William's estate and that the term "legacy" was used generally in the property settlement agreement. Sophie's estate asserted the meaning of the word "legacy" in the agreement and divorce judgment was unclear. After a hearing on September 19, 1986, the court denied the motion for reconsideration. Sophie's estate appeals.

Sophie's estate maintains that the voluntary agreement made by William and Sophie should be enforced, that Sophie's rights vested on January 2, 1962, when the divorce decree was entered and therefore her estate should receive 15% of the proceeds of William's estate. Sophie's estate argues that William and Sophie agreed to have the property settlement bind their heirs and executors and that Sophie was giving up her rights to a statutory one-third share since she was not yet divorced when she signed the property settlement.

██ █ Summary judgment, although a salutary procedure in administering justice, should be granted with caution so that no party's right to a trial is usurped in the presence of conflicting facts and inferences. (*La Salle National Bank v. Illinois Housing Development Authority* (1986), 148 Ill. App. 3d 158, 161, 498 N.E.2d 697; *Kramer v. Weedhopper of Utah, Inc.* (1986), 141 Ill. App. 3d 217, 220, 490 N.E.2d 104.) Summary judgment is appropriate when the pleadings and other evidence show there is no triable issue of material fact and the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1985, ch. 110, par. 2–1005(c); *Kramer v. Weedhopper of Utah, Inc.* (1986), 141 Ill. App. 3d 217, 220, 490 N.E.2d 104.) Construing the language of a contract is a matter of law appropriate for summary judgment. *La Salle National Bank v. Illinois Housing Development Authority* (1986), 148 Ill. App. 3d 158, 161, 498 N.E.2d 697; *Wil-Shore Motor Sales Inc. v. Continental Illinois National Bank & Trust Co.* (1984), 130 Ill. App. 3d 167, 171, 474 N.E.2d 376.

██ Provisions of divorce judgments and property settlements are construed by applying the same rules as those governing construction of contracts. (*In re Marriage of Kloster* (1984), 127 Ill. App. 3d 583, 584, 469 N.E.2d 381; *Sondin v. Bernstein* (1984), 126 Ill. App. 3d 703, 708, 467 N.E.2d 926.) When a property agreement by divorcing spouses is approved by the court and incorporated into a judgment for divorce, the agreement is merged in the judgment and the parties' rights rest on the judgment. (*In re Marriage of Morris* (1986), 147 Ill. App. 3d 380, 389, 497 N.E.2d 1173; *In re Marriage of Dowty* (1986), 146 Ill. App. 3d 675, 678-79, 496 N.E.2d 1252; see *Cunningham v. Lawrence* (1959), 16 Ill. 2d 201, 207, 157 N.E.2d 50.) Clear and unambiguous contract terms must be given their ordinary and natural meaning (*Susmano v. Associated Internists of Chicago, Ltd.* (1981), 97 Ill. App. 3d 215, 219, 422 N.E.2d 879). The intentions of the parties are determined solely from the language of the document. *Sondin v. Bernstein* (1984), 126 Ill. App. 3d 703, 708, 467 N.E.2d 926; *Comet Casualty Co. v. Holloman* (1983), 113 Ill. App. 3d 271, 275, 446 N.E.2d 1263; *In re Estate of Coleman* (1979), 77 Ill. App.

3d 397, 399, 395 N.E.2d 1209.

■ The presence or absence of an ambiguity in documents is a question of law. (*Midland Hotel Corp. v. Rueben H. Donnelley Corp.* (1986), 149 Ill. App. 3d 53, 62, 501 N.E.2d 1280, *appeal allowed* (1987), 113 Ill. 2d 576; *In re Estate of Bartlett* (1985), 138 Ill. App. 3d 102, 105, 485 N.E.2d 566.) An ambiguity exists if words can be interpreted in more than one sense, in which case extrinsic evidence is admissible to determine the intent of the parties. *Montes v. Hawkins* (1984), 126 Ill. App. 3d 419, 423-24, 466 N.E.2d 1271; *In re Estate of Bartlett* (1985), 138 Ill. App. 3d 102, 105, 485 N.E.2d 566; *In re Marriage of Marquardt* (1982), 110 Ill. App. 3d 271, 274, 442 N.E.2d 267.

■ When all parties file for summary judgment the court is invited to decide the issues thus presented as a question of law and the entry of summary judgment for one party or the other is proper. (*Allen v. Meyer* (1958), 14 Ill. 2d 284, 292, 152 N.E.2d 576; *Comisky v. Farm Dealer Supply, Inc.* (1981), 99 Ill. App. 3d 807, 809, 426 N.E.2d 16, *appeal denied* (1982), 88 Ill. 2d 549; *Northwestern Mutual Life Insurance Co. v. Wiemer* (1981), 96 Ill. App. 3d 549, 552-53, 421 N.E.2d 1002, *appeal denied* (1981), 85 Ill. 2d 567.) Nevertheless, where a factual question regarding a material issue exists, summary judgment is not appropriate. (*Nussbaum v. Williams* (1980), 86 Ill. App. 3d 272, 277, 407 N.E.2d 1139; see *Russell v. Metropolitan Life Insurance Co.* (1982), 108 Ill. App. 3d 417, 420, 439 N.E.2d 89.)

In the case *sub judice*, all parties in moving for summary judgment claimed that no material issues of fact required decision. Sophie's estate later raised the existence of a factual dispute only when it moved for reconsideration, suggesting that the intent of William and Sophie, in using the word "legacy," was unclear. Sophie's estate notes William's great wealth and the detailed provisions to prevent *inter vivos* transfers from reducing the legacy to Sophie.

■ Sophie's estate urges the term legacy is ambiguous. We do not find it so. The word "legacy" simply means the disposition of personalty or realty through a will. (*In re Estate of Martinek* (1986), 140 Ill. App. 3d 621, 627, 488 N.E.2d 1332; Black's Law Dictionary 802 (5th ed. 1979). See *Schoendienst v. Fink* (1965), 58 Ill. App. 2d 203, 210, 207 N.E.2d 325. See also Ill. Rev. Stat. 1985, ch. 110½, par. 1—2.12.) Provisions for the lapse of a legacy not made to a descendant of the testator or a member of a vested class, when the legatee predeceases the testator, were in effect when Sophie and William agreed to the property settlement and judgment of divorce. (Ill.

Rev. Stat. 1961, ch. 3, par. 49, now Ill. Rev. Stat. 1985, ch. 110½, par. 4—11.) Sophie was neither a descendant of William nor a member of a vested class. The fact that the contract was made binding upon the heirs, executors, administrators, assigns, trustees and nominees of both Sophie and William does not change this result.

■■ ■ Parties are presumed to have used particular words according to their fixed and established meanings. (See *URS Corp. v. Ash* (1981), 101 Ill. App. 3d 229, 234, 427 N.E.2d 1295.) Sophie's lawyers knew how to safeguard receipt of the monthly installment payments over the 10-year period by specifying in both the settlement and divorce judgment that Sophie's estate would receive the payments if Sophie predeceased William and William's estate would be liable for them if he died before the payments were completed. No wording of the same import is set forth in the legacy provisions of either the property settlement or judgment of divorce. We cannot assume that Sophie and William chose to adopt a much different mode of expression as to the legacy without intending a different meaning and effect. (See *Edgar County Children's Home v. Beltranena* (1949), 402 Ill. 385, 387-88, 84 N.E.2d 363; *In re Estate of Lowry* (1981), 93 Ill. App. 3d 1077, 1079-80, 418 N.E.2d 10; *Domke v. McCue* (1969), 110 Ill. App. 2d 1, 5-7, 249 N.E.2d 287.) A court cannot create a devise where the parties do not prescribe a legacy under the circumstances which actually occur. See *Larison v. Record* (1987), 117 Ill. 2d 444, 448.

Neither *In re Marriage of Dowty* (1986), 146 Ill. App. 3d 675, 496 N.E.2d 1252, nor *Cunningham v. Lawrence* (1959), 16 Ill. 2d 201, 157 N.E.2d 50, upon which Sophie's estate relies, requires a different result. In *Dowty*, the deceased spouse acquired a specific contractual right to disputed property in accordance with a property settlement agreement entered into before death, whereas Sophie acquired the right only to a legacy in a will which, under Illinois law then in effect, would lapse if she predeceased William (Ill. Rev. Stat. 1961, ch. 3, par. 49, now Ill. Rev. Stat. 1985, ch. 110½, par. 4—11), unless William was required to provide for such a contingency in his will. In *Cunningham*, the husband had already conveyed property to his wife by delivery of a deed thereto to an escrowee, the transfer of which to the wife or her estate was not dependent upon the language of the divorce judgment. More in point is *Kaiser v. Cobbey* (1948), 400 Ill. 214, 79 N.E.2d 604, which among other things held, under circumstances closer to the present case, that the deaths of the putative beneficiaries resulted in their taking nothing since they failed to survive the testatrix, by operation of the law of wills which,

as in the present case, must be deemed part of the contract.

Accordingly, we find no basis upon which to disturb the order granting summary judgment to defendant and the circuit court's decision must be affirmed.

Affirmed.

STAMOS and BILANDIC, JJ., concur.