Mary Koenig, Plaintiff-Appellee, v. 399 Corporation, a Corporation, Defendant-Appellant.

399 Corporation, a Corporation, Third Party Plaintiff-Appellant, v. Reliance Elevator Manufacturing Company, a Corporation, Third Party Defendant-Appellee.

Gen. No. 52,137.

First District, Third Division.

June 13, 1968.

Rehearing denied July 9, 1968.

Richard C. Bleloch and Robert A. Wiacek, of Chicago, for appellant.

Van Emden, Busch and Van Emden, of Chicago (Alfred B. Busch and George J. Van Emden, of counsel), and Ernest C. Meloche, Beutler, Fisher and Blake, of Chicago, for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

Plaintiff, Mary Koenig, filed suit for personal injuries against 399 Corporation and obtained a judgment based

upon a jury verdict for $6,200. From this judgment 399 Corporation has appealed.

It will be necessary to set forth pertinent parts of the pleadings in order to explain the issues presented.

Mary Koenig in her statement of claim alleged that she was a business invitee as an employee, agent and servant of Dr. White, a tenant in defendant 399 Corporation's building located at 399 West Fullerton Parkway, Chicago, Illinois; that plaintiff, while in the exercise of due care, was injured when an elevator in which she was riding fell as a result of the negligence of an employee of the defendant 399 Corporation when said elevator fell or rapidly descended, striking the bottom of the shaft with great force.

Defendant 399 Corporation on May 20, 1960, filed an answer in which it admitted that it maintained, operated and controlled the automatic passenger elevator in question and denied that plaintiff was injured and that defendant was guilty of negligence. More than six years later, on November 4, 1966, by leave of court, defendant filed its amended answer and in it denied that it maintained, operated or controlled any automatic passenger or freight elevator in its building. Defendant further denied that plaintiff was a passenger in its elevator, but admitted, however, that plaintiff was on the elevator. The defendant also alleged in its answer that the elevator stopped because the plaintiff improperly operated the button therein or failed to close the door securely, breaking the circuit therein. The amended answer further alleged that at the time of plaintiff's injuries the elevator was maintained, repaired and serviced by Reliance Elevator Manufacturing Company, and that plaintiff controlled the elevator in which she was riding and that she was contributorily negligent.

Thereafter, defendant filed a third-party complaint against Reliance Elevator Manufacturing Company in

which the third-party plaintiff alleged that it had entered into a written contract with Reliance Elevator Manufacturing Company, a corporation, third-party defendant, whereby the third-party defendant impliedly stated by written contract that it agreed to maintain, service and repair continuously an elevator of the third-party plaintiff on its premises at 399 West Fullerton Parkway, Chicago, Illinois; that notwithstanding its duty to repair the passenger and freight elevators at 399 West Fullerton Parkway, Chicago, Illinois, the third-party defendant failed to do so and did one or more of eight negligent acts set forth in the third-party complaint. This paragraph of the third-party complaint then asserts the following:

"That because of one or more or all of the aforesaid negligent acts or omissions, the elevator did operate in a dangerous, defective manner so as to cause one Mary Koenig, who was operating said elevator, to sustain personal injuries as alleged in her Complaint."

When the case came before the trial judge after the jury was impaneled but out of its presence, the plaintiff moved for the entry of a judgment on the pleadings as to liability in her favor. Argument took place in the judge's chambers. The judge allowed the plaintiff's motion and defendant moved to amend its third-party complaint on its face by the insertion of the word "if" before certain allegations in paragraphs 7 and 8 of the third-party complaint. Paragraph 7 directly charged the third-party defendant with acts of negligence and paragraph 8 charged that due to one or more of the negligent acts or omissions Mary Koenig, the plaintiff, was injured as alleged in her complaint. The amendment sought by the third-party plaintiff to that complaint would have made the allegations of paragraphs 7 and 8 contingent upon

the plaintiff having proved negligence of the defendant. In other words, the third-party plaintiff in its original third-party complaint had admitted that the injuries to plaintiff were caused by one or more of the negligent acts of the third-party defendant. Since this constituted an admission by the defendant (third-party plaintiff) that Mary Koenig was injured as alleged in her complaint, third-party plaintiff sought to amend its complaint to avoid that implication. This amendment was allowed and the third-party plaintiff merely attached to the complaint a part of a sheet of a court reporter's transcript setting forth the nature of the amendments sought and a conversation between Mr. Wiacek and the court.

The following points have been raised by the defendant (third-party plaintiff) in this appeal: (1) the answer denied the plaintiff was in the exercise of due care, therefore it was improper for the court to enter judgment on the pleadings as to liability; (2) plaintiff must plead and prove freedom from contributory negligence, and (3) it was error to permit a doctor to testify that the negligent act had caused the injury.

 The defendant argues as to the first point that since the answer of the defendant denied that the plaintiff was in the exercise of due care, the court erred in directing a verdict as to liability in favor of the plaintiff. In support of this the defendant cites Bresler Ice Cream Co. v. The Millionaires Club, Inc., 71 Ill App2d 342, 218 NE2d 891, wherein the court stated at page 344:

> "While any party may seasonably move for judgment on the pleadings (Ill Rev Stats 1963, c 110, sec 45(5)) such judgment in favor of the plaintiff is improperly granted where the answer to a complaint sets forth any legal defense to the action. Thillens, Inc. v. Hodge, 2 Ill2d 45, 116 NE2d 886."

Other cases to the same effect are cited by the defendant. Defendant, however, by its amended answer explained the so-called acts of negligence or lack of due care by stating that the elevator stopped "because the plaintiff improperly operated the button therein or failed to close the door securely breaking the circuit therein." We must bear in mind that the defendant was in the position of a common carrier and was required to exercise the highest degree of care for persons riding in its elevator. It further had the duty of furnishing cars which were safe and were equipped with protective appliances. If the injury was caused by the plaintiff improperly operating a button on the elevator, or because she failed to close the door securely breaking the circuit therein, the defendant would necessarily have to be held negligent for controlling and supplying an automatic elevator which could be caused to first stop and then to drop by an improper operation of a button. Likewise, the defendant would have been guilty of negligence in owning and supplying an automatic elevator which would first stop and then drop if the door was not closed securely. Neither of these acts, if true, would constitute lack of due care on the part of plaintiff who was an ordinary passenger in an elevator which was admittedly maintained, operated and controlled by the defendant in its original answer. In either of these cases the plaintiff could not have been charged with contributory negligence.

In Cobb v. Marshall Field & Co., 22 Ill App2d 143, 153–154, 159 NE2d 520, the court said:

"As a common carrier the defendant was required to exercise the highest degree of care for the safety of the persons riding in its elevators and had the duty of furnishing cars which were safe and which were equipped with protective appliances. . . . The fact that someone else had taken over the

351

use and operation of the elevator after the regular store hours did not relieve the defendant of this responsibility. The usual requirement that the accident-causing instrumentality must be under the exclusive control of the defendant need not mean actual physical control at the time of the accident, if the instrumentality is one which it is the defendant's responsibility to maintain at all times and which responsibility cannot be delegated by consent, agreement or usage."

There can be little doubt that the defendant 399 Corporation was primarily liable although its negligence could have been passive. Furthermore, the defendant in its third-party complaint admitted that "the elevator did operate in a dangerous, defective manner so as to cause one Mary Koenig, who was operating said elevator, to sustain personal injuries as alleged in her complaint." By this allegation in the third-party complaint the defendant, third-party plaintiff, admitted that the proximate cause of the injuries sustained by the plaintiff was the dangerous and defective condition of the elevator. The defendant did not and could not relieve itself of responsibility to the plaintiff by charging that it was the duty of the third-party defendant to maintain the elevator. The defendant argues that it had obtained leave to amend its third-party complaint and by its amendment changed that complaint to read in effect that if the plaintiff had sustained injuries as alleged in her complaint, the injuries were due to the negligent acts of the third-party defendant in failing to maintain the elevator properly. However, the record discloses that the amendment to the third-party complaint was not made until after the ruling by the court on the motion of the plaintiff to direct a finding in behalf of the plaintiff on the question of liability alone. The transcript of proceedings shows the following:

"Mr. Busch: I have prepared a formal motion.

"The Court: Because the Court previously ruled on the motion and because after that ruling the motion to amend was made, further discussion to be had tomorrow.

"Mr. Meloche: Do I understand that the Court has already ruled on the motion for judgment on the pleadings as to liability?

"The Court: Yes.

"Mr. Meloche: Now entertaining a motion to amend the third party complaint.

"The Court: He asked to amend, and, as you will recall, the Court remarked that even though I adjourned at ten minutes after eleven this morning until 2:00 o'clock to give him an opportunity to do whatever amending he wished and to bring in whatsoever law that he desired, that it was not until after the Court had made its ruling on the motion for a directed finding as to the question of liability that Mr. Wiacek then asked to amend his pleading, so the Court, in its effort to be fair, asked the official court reporter to type up the amendment, because Mr. Busch stated that he (sic) got lost in the shuffle of it."

The trial court properly allowed the motion of plaintiff to direct the jury on the question of defendant's liability.

The second point raised by the defendant is that "the plaintiff must plead and prove freedom from contributory negligence." The answer of the defendant put the question of due care and contributory negligence in issue.

Defendant argues that because the court heard no evidence in this case it could not have entered a judgment on the pleadings as to liability.

■ We have explained earlier in this opinion that the acts alleged in the amended answer of the defendant, in support of its allegation of lack of due care on the part of the plaintiff, would not relieve the defendant of liability in this case. We have pointed out heretofore that if the injuries were caused by plaintiff's improper operation of the button in the elevator, or her failure to close the door securely breaking the circuit therein, that would not constitute contributory negligence or lack of due care on her part in a case where the defendant is a common carrier and owes the highest degree of care for the safety of persons riding in its automatic passenger elevator. Defendant further had the duty of furnishing cars which were safe and which were equipped with protective appliances. Citing again from Cobb v. Marshall Field & Co., supra, on page 153 the court said:

> "We believe the necessary elements for a res ipsa loquitur case were established by the plaintiffs' evidence. The elevator was under the management of the defendant and certainly the occurrence was one which does not happen in the ordinary course of events. Elevators which are correctly constructed, kept in repair and adequately inspected normally do not fall. When one does there is a reasonable inference of negligence. Owners of elevators which carry passengers are common carriers. Several Illinois cases hold, apart from res ipsa loquitur, that if a passenger is injured while being transported by a common carrier the happening of such an accident is sufficient to justify a verdict for the passenger and that the burden then shifts to the defendant. Chicago City Ry. Co. v. Eick, 111 Ill App 452; New York C. & St. L. R. Co. v. Blumenthal, 160 Ill 40; Springer v. Ford, 189 Ill 430; Hefferman v. Mandel Bros. 297 Ill App 272; Carson v. Weston Hotel Corp., 351 Ill App 523."

354

Under the rule set forth in Cobb v. Marshall Field & Co., supra, the falling of an elevator sufficiently establishes negligence on the part of the defendant, and freedom from contributory negligence was established by judicial admissions in the original answer of defendant and by its third party complaint.

■ Defendant in its third point states that it was error to permit the doctor to testify that the act of negligence in this case had caused the injury since that was a matter in dispute and was a question of fact for the jury to decide. The plaintiff's doctor had been asked if he had obtained a history from the patient. In his answer he said that he had; that the patient was 58 years old, white female, righthanded, suffered injury of her lumbosacral spine and the left leg on May 5, 1958 while working at the Fullerton Hotel. He further testified that the plaintiff suffered injury to the lumbosacral spine and left leg at the Fullerton Hotel, Chicago, Illinois, when the elevator broke down and fell two floors to the basement. The doctor in this case was the physician the plaintiff had consulted for medical treatment. While it is true that statements of the cause of injury were originally excluded, the newer rule seems to be that a patient seeking medical treatment would be truthful to his doctor so as to obtain proper care. In Jensen v. Elgin, J. & E. Ry. Co., 24 Ill2d 383, 388, 182 NE2d 211, the court said:

> "Statements of pain and symptoms are admissible as an exception to the hearsay rule, if made by a patient to a physician for purposes of diagnosis and treatment, on the theory that the desire for proper treatment outweighs any motive to falsify. (Greinke v. Chicago City Railway Co. 234 Ill 564.) Since the cause of an injury may be a factor in diagnosis, statements of the cause of any injury or condition have been held admissible because they also fall within the guarantee of truthfulness. (Shell

Oil Co. v. Industrial Com. 2 Ill2d 590.) Evidence of statements and physical demonstration capable of simulation are not admissible, however, if made to a physician examining for the purpose of testifying, and he is limited to testifying to purely objective conditions. Greinke v. Chicago City Railway Co. 234 Ill 564; Shaughnessy v. Holt, 236 Ill 485."

Also see Cleary, Handbook of Illinois Evidence, 2nd Ed, § 17.25, p 292.

The defendant has cited Zbinden v. DeMoulin Bros. & Co., 245 Ill App 248, wherein the court held it was error to permit the doctor to testify that the negligent act caused the injury.

Defendant also argues that the doctor failed to preface his remarks regarding the relationship of the occurrence to plaintiff's injury by, in effect, using the words "might or could have caused."

In Clifford-Jacobs Forging Co. v. Industrial Commission, 19 Ill2d 236, 166 NE2d 582, the court cited with approval the following language in Chicago Union Traction Co. v. Roberts, 229 Ill 481, 484, 82 NE 401:

"It is entirely immaterial whether the witness testified that the injury was the cause of the condition, or that the injury was sufficient to cause the condition or might have caused it. In any event, the testimony was merely the opinion of the witness, given, as such, upon a state of facts assumed to be true. It still remained for the jury to determine the facts, and the opinion was nevertheless an opinion only, whether it states what did cause the condition or what might cause it. The question may be asked in either form."

█ The defendant, among its issues presented for review, set forth the following: "Whether the Court erred in entering a nonsuit with prejudice on the Defendant

356

and 3rd Party Plaintiff's Complaint." That contention is not raised under its Points and Authorities, nor has it been argued by the defendant. In Warner v. Gosnell, 8 Ill2d 24, 29, 132 NE2d 526, the court said:

> "Plaintiff sets forth seven errors relied upon for reversal but only four are argued. As this court has consistently held in numerous cases, assignments of error not argued are waived."

The foregoing rule is so generally accepted that it needs no further citation of cases or any discussion by us in this opinion. That issue has been waived by the defendant (third-party plaintiff.)

Judgment affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.