MAX R. LOVELAND, Petitioner-Appellant, *v.* THE CITY OF LEWISTOWN *et al.*, Respondents-Appellees.

Third District    No. 79-769

Opinion filed May 21, 1980.

Craig E. Collins, of Barash & Stoerzbach, of Galesburg, for appellant.

F. Stewart Merdian, of Kost, Downs & Merdian, of Lewistown, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Fulton County in favor of the defendants-appellees, the city of Lewistown and the mayor and aldermen, and against the plaintiff-appellant, Max Loveland. On May 1, 1973, Loveland was appointed street commissioner for the city of Lewistown. On May 6, 1975, he was reappointed. On May 30, 1976, the mayor of Lewistown was contacted by Lloyd Hayes, the water commissioner of Lewistown, concerning a break in a waterline. Hayes advised the mayor that it would be necessary to dig up a small portion of the street to make necessary repairs. Hayes further advised the mayor that he had requested the plaintiff, the street commissioner, to operate the city-owned backhoe to do the necessary excavation of the street. The plaintiff refused this request. The mayor then requested him to perform the excavation, but this request was also refused. As a result of this refusal, the plaintiff was discharged from his duties as street commissioner.

Plaintiff then filed a suit for mandamus against the mayor and city council seeking reinstatement to the position of street commissioner and payment of salary from the date of removal to the date of reinstatement, which was dismissed upon defendants' motion. Plaintiff filed an amended petition and defendants' motion to dismiss was denied. Defendants then filed a motion for summary judgment which was denied. Subsequently, defendants filed a second motion for summary judgment, and in response plaintiff moved to strike the affidavit of Hayes, which was attached to the motion for summary judgment, and also to deny the motion. On January 29, 1979, the lower court granted the motion for summary judgment for defendants. Plaintiff's motion for rehearing was denied, and plaintiff timely appealed.

On appeal, plaintiff raises three issues: (1) whether the trial court erred in entertaining the defendants' second motion for summary judgment; (2) whether the trial court erred in failing to strike the defendant's affidavit of Hayes; and (3) whether the trial court erred in granting summary judgment for the defendants. We affirm.

We first consider plaintiff's contention that the trial court erred in

entertaining the defendants' second motion for summary judgment. Defendants had already had one motion for summary judgment directed to the pleadings denied. Subsequent to the first motion, discovery took place. This discovery brought forth facts which the defendants felt eliminated any genuine issues of material fact. They moved again for summary judgment and, on the strength of the facts discovered, the trial court granted the motion.

The plaintiff argues that since the defendants had previously brought one motion for summary judgment which was denied, they should be precluded from bringing another such motion. Plaintiff contends that to permit more than one motion for summary judgment is to invite delay. ■■■ Section 57(3) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57(3)) states that summary judgment "shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Section 57(2) (Ill. Rev. Stat. 1977, ch. 110, par. 57(2)) permits the defendant to move for summary judgment "at any time." There is no mention in the statute of whether or not more than one motion for summary judgment may be brought. Nor has our research uncovered any cases ruling on the matter. We believe that where new facts come to light after a motion for summary judgment has been made and denied, it is not improper to bring a second motion for summary judgment. Contrary to the plaintiff's assertion that permitting a second motion would increase delay, we believe that it expedites the judicial process. The purpose of the summary judgment procedure is to determine whether any genuine issue of material fact exists and to summarily dispose of cases where none does exist so as to avoid congestion of trial calenders and the expense of unnecessary trials. (*Adler Business Machines, Inc. v. Babbey Office Machines, Inc.* (1974), 24 Ill. App. 3d 38, 320 N.E.2d 440.) Where a party discovers facts which make the case properly resolvable by summary judgment, the case should not have to go to trial simply because there was a prior motion for summary judgment. In such a situation, the trial judge should have the discretion to permit a second motion where, after considering the status of discovery, the judge believes the motion to be appropriate. Therefore, we find no error in the trial court's permitting a second motion for summary judgment.

Plaintiff's next issue is whether the trial court erred in failing to strike Hayes' affidavit. Defendants' second motion for summary judgment was accompanied by an affidavit of Hayes, the water commissioner. Plaintiff claims that the affidavit should have been stricken in that it did not contain facts admissible in evidence. It is true that if the *evidence is not admissible* at trial, it would not be admissible in an affidavit accompanying

a motion for summary judgment. (*Unzicker v. Chambers* (1972), 8 Ill. App. 3d 992, 291 N.E.2d 231.) However, the facts in the affidavit would be admissible at trial with two omissions.

■ Hayes' affidavit consists of 10 statements, saying that he had never operated a backhoe, had previously designated Loveland and others to do street excavation work, that he had asked Loveland to perform the work again on behalf of the water department, and that Loveland refused. Contrary to plaintiff's assertions, these statements are not irrelevant. The relevant ordinances in this case provide that if the water commissioner is unable to perform the work, he may designate someone else to perform the work. We believe that Hayes' affidavit is relevant with regard to this matter.

■ Defendants concede that there are two paragraphs in the affidavit which would be inadmissible at trial because they are conclusory rather than stating facts. Therefore, they should have been stricken from the affidavit. This does not require, however, that the entire affidavit be struck. (*Nardi, Pain & Podolsky, Inc. v. Vignola Furniture Co.* (1967), 80 Ill. App. 2d 220, 224 N.E.2d 649.) While the two paragraphs should have been stricken, we do not believe that their inclusion was prejudicial to plaintiff. Therefore, there was no reversible error in not striking Hayes' affidavit.

■ Plaintiff's third issue on appeal is whether the trial court erred in granting summary judgment for the defendants. Plaintiff contends that there were issues of material fact which rendered summary judgment inappropriate. He claims that there were 11 controverted questions of fact. Four of these questions, 1,2,3, and 8, deal with whether or not the plaintiff was considered an officer. While defendants originally denied that the plaintiff was an officer in their answers, both sides have conceded that he was. Point 4 is whether the plaintiff performed all the duties assigned to him efficiently, honestly, and capably. It is irrelevant whether plaintiff performed previously assigned tasks efficiently, honestly, and capably. There is no dispute that he failed to perform the excavation assigned to him by Hayes. Whether Hayes could legally assign the excavation to him is a question of law, not fact. Therefore, point 4 creates no issue of material fact. Points 5, 6 and 7 deal with interpretations of statutes. These are clearly questions of law, not fact. Point 9 alleges that the mayor discharged the plaintiff without just cause. If the mayor and council had the power by local ordinance to take the action which was taken, then there is just cause as a matter of law. Points 10 and 11 deal with whether or not the plaintiff is able, ready, and willing to perform as street commissioner and whether anyone else has been appointed since plaintiff's discharge. These points do not seem to be in dispute and, in any case, are irrelevant to whether or not the plaintiff was wrongfully

discharged. Thus, we find no genuine issues of material fact and hold that the case was properly resolvable by summary judgment.

Having held that the case was appropriate for summary judgment, we now determine whether the trial court properly ruled in favor of defendants. There are several Lewistown ordinances involved in this case. The first is 3.09(f) which states that if the water commissioner is unable to take the necessary action, he may designate a person to do it. Plaintiff contends that defendants may not rely on this ordinance because they did not cite it in their answer as a defense, but mentioned it for the first time in their motion for summary judgment. We disagree. We believe that the reference to the ordinance was compatible with the allegations presented in defendants' answer. Further, there is no indication from the record that plaintiff was denied an opportunity to respond to the allegation.

Other ordinances with which the trial court dealt concern the duties of the street commissioner, and the powers of the mayor and city council. The street commissioner has the duty to supervise the maintenance, care, and repair of streets, alleys, etc. He is also to perform such additional duties as required by the mayor and city council. The mayor and city council both have the right to assign duties to an officer which are not already assigned to another specific officer. The mayor has the power to settle disputes between the officers and may remove an officer on any formal charge if he is of the opinion that the interests of the city demand such removal.

While these ordinances are far from being paragons of clarity, the trial court construed them so as to make them consistent with one another and give them effect. The court held that there was nothing in the ordinances which prevented the water commissioner from designating the street commissioner to do the excavation where the water commissioner was unable to do it. When the water commissioner designated plaintiff and plaintiff refused, a question as to the powers and duties of the officers arose which the mayor had the authority to decide. The mayor delegated the job to the plaintiff and he refused. Upon the refusal the mayor removed the plaintiff under the authority of the ordinance. The city council upheld the removal as they were entitled to under the ordinance. We believe this analysis of the ordinances is correct and that the trial court was correct in granting summary judgment to the defendants.

Accordingly, the judgment of the circuit court of Fulton County is affirmed.

Affirmed.

ALLOY, P. J., and STENGEL, J., concur.