GLENN STINES *et al.*, Plaintiffs-Appellants, *v.* OTIS ELEVATOR COMPANY, Defendant-Appellee.—(WILLIAM WRIGLEY, JR., COMPANY *et al.*, Defendants.)

First District (2nd Division)    No. 80-2780

Opinion filed March 2, 1982.

Dowd & Dowd, Ltd., of Chicago, for appellants.

McKenna, Storer, Rowe, White & Farrug, of Chicago (Charles P. Menges, Robert S. Soderstrom, and James P. DeNardo, of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiffs claim to have been injured while riding an elevator in the Wrigley Building in Chicago, which allegedly fell out of control. They appeal from the entry of summary judgment (Ill. Rev. Stat. 1979, ch. 110, par. 57) in favor of defendant Otis Elevator Company (Otis). The trial court found no just reason to delay enforcement or appeal of its order. (73 Ill. 2d R. 304(a).) Plaintiffs contend summary judgment was inappropriate because a factual question was presented as to whether: Otis performed service on the elevator; and a safety test Otis admitted performing subjected it to a liability for negligent rendition of services gratuitously rendered.

Plaintiffs' amended complaint alleged: in count I, that Otis was engaged in manufacturing, distributing, repairing and maintaining elevators for use by the public and Otis negligently designed, manufactured, maintained and repaired the elevator in question; in count II, that Otis was in exclusive control of the elevator, and the occurrence was one which would not ordinarily have occurred if Otis had not been negligent; and in count III, that Otis designed, manufactured and sold the elevator to the Wrigley Building, located at 400 North Michigan Avenue in Chicago, and at the time the elevator left Otis' control it was defective and unreasonably dangerous.

Otis moved for summary judgment on grounds that: it did not manufacture, design or install the elevator; it did not have a maintenance contract for the repair of the elevator; and it did not perform any maintenance, repair or inspection services to the elevator at any time prior to July 13, 1978. Otis attached the affidavit of Charles M. Frein, its regional manager for finance and administration which stated the regional office records of Otis indicated that the elevator was not designed, manufactured or installed by Otis, and Otis provided no repair or maintenance services to the elevator prior to July 13, 1978.

After the trial court had granted summary judgment, plaintiffs filed a motion to vacate supported by attached service orders indicating that Otis did perform maintenance or repair services at the premises in October 1975. Plaintiffs contended that a factual question existed as to whether Otis performed services on the elevator prior to the date of the accident, and the nature and extent of those services, since the Frein affidavit in support of the Otis motion stated that no repair or maintenance services were performed by Otis upon Wrigley's elevators. The service orders evidence an agreement by Otis to furnish labor and material to perform a "no load safety test" on the 19 elevators at the Wrigley Building and state in part: "We hereby propose to supervise and conduct the test of the safeties, governors and oil buffers upon your nineteen (19) elevators located at 400 North Michigan Avenue, Chicago, Illinois 60611 as required by the City of Chicago Elevator Safety Code. If repairs are necessary to obtain proper operation to meet the requirements of the test, such work shall be considered as an extra to the proposal." Also attached are invoices indicating work was done during the weeks ending October 9, 1975, and October 16, 1975. The latter invoice indicates all work was completed.

Otis filed a response to plaintiffs' motion reiterating that it had no maintenance contract and did not perform maintenance or repair services on the subject elevator prior to July 13, 1978, as distinguished from a full-load safety test required by the Municipal Code of Chicago which it admitted it had performed. Otis continued to maintain that the facts in the affidavits established Otis did not design, manufacture or install the elevator and had no responsibility with its maintenance and repair.

The rules governing summary judgment proceedings are well established and require little repetition. (See *Carruthers v. B. C. Christopher and Co.* (1974), 57 Ill. 2d 376, 380, 313 N.E.2d 457; *Diomar v. Landmark Assoc.* (1980), 81 Ill. App. 3d 1135, 1139, 401 N.E.2d 1287.) Summary judgment must not be used to preempt the right to fully present a claim where a material dispute of fact exists. *Nolan v. Johns-Manville Asbestos & Magnesia Materials Co.* (1979), 74 Ill. App. 3d 778, 793-94, 392 N.E.2d 1352, *aff'd* (1981), 85 Ill. 2d 161, 421 N.E.2d 864.

■■ In the case at bar, plaintiffs and Otis have mainly disputed whether Otis could be held liable if it performed only the one inspection on the basis that it performed maintenance work and, if not, whether the single inspection might subject Otis to liability. A company, such as Otis, which performs maintenance or inspections, whether gratuitous or not, may be held liable for negligence. (*Jardine v. Rubloff* (1978), 73 Ill. 2d 31, 41, 382 N.E.2d 232; see also *Koenig v. 399 Corp.* (1968), 97 Ill. App. 2d 345, 351, 240 N.E.2d 164.) The court stated in *Jardine* that those who "undertake to inspect and maintain elevators" need "only exercise due care." 73 Ill. 2d

31, 41; see also *Nelson v. Union Wire Rope Co.* (1964), 31 Ill. 2d 69, 83, 199 N.E.2d 769.

■■ As the record now stands, there is no indication, apart from the bare allegations of the complaint, that the inspection performed by Otis was negligently performed or if it was that it was causally related to the failure of the elevator in July 1978. Nevertheless, one of plaintiffs' interrogatories requested the name of the individual or enterprise that performed any maintenance or repair to the elevator for the past 5 years ending June 13, 1978, and the date of such maintenance or repair. Co-defendant Wrigley answered:

"Otis Elevator Company.
Richard Tokar
10/9/75, 10/10/75
*Other dates of repair not known.*"
(Emphasis supplied.)

Since Wrigley has stated that Otis performed other work on the elevator on dates not yet determined, and Otis' inspection, itself, might subject it to liability, summary judgment here was premature. Plaintiffs should be allowed to proceed further with discovery in an attempt to establish, if they can, more precisely the nature of the services Otis furnished, when Otis worked on the elevator and how many other times, if any, Otis may have worked on the elevator. By this ruling we do not intimate an opinion as to the propriety of the summary judgment on count I. Otis, of course, is not precluded from again moving for summary judgment following a reasonable opportunity for plaintiffs to discover further facts supporting their position. *Loveland v. City of Lewiston* (1980), 84 Ill. App. 3d 190, 192, 405 N.E.2d 453.

With respect to count II, which is based on *res ipsa loquitur*, plaintiffs have not established that Otis was in control of the elevator at the time of this accident. There also is no dispute that Otis did not design, manufacture or sell the elevator to Wrigley; therefore, count III must also be dismissed.

From the foregoing we conclude that the judgment pertaining to count I must be reversed and judgments pertaining to counts II and III must be affirmed. The cause is remanded for further proceedings.

Affirmed in part, reversed in part and cause remanded.

DOWNING and PERLIN, JJ., concur.