LA SALLE NATIONAL BANK, as Trustee, Plaintiff-Appellee, v. THE IL-LINOIS HOUSING DEVELOPMENT AUTHORITY *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 85—3237

Opinion filed September 23, 1986.

Robert C. Keck, Jr., Gail A. Niemann, and Ronald J. Rychlak, all of Chicago (Jenner & Block, of counsel), for appellants.

Epton, Mullin & Druth, Ltd., of Chicago (George J. Schaller, Richard E. Friedman, and Mark P. Cohen, of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Defendants, Illinois Housing Development Authority and Harris Trust and Savings Bank (collectively IHDA), appeal a summary judgment entered in favor of plaintiff La Salle National Bank (La Salle), which found that La Salle had the right to prepay its obligation to IHDA on a mortgage. We are asked to decide whether there exists a material issue of triable fact or an ambiguity in the mortgage contract which should have precluded entry of summary judgment.

La Salle is trustee under an Illinois land trust holding legal title to a parcel of land on the north side of Chicago. On October 1, 1971, La Salle and IHDA entered into a mortgage agreement with an accompanying mortgage note under which IHDA loaned La Salle $4,485,000 to be used for the development of a 180-apartment complex on the land. IHDA raised the money for the loan by issuing bonds pursuant to a bond resolution. The bond resolution provides for repayment of the bonds over a period from 1972 to 2015. The mortgage was to run until the year 2015. Under a regulatory agreement also executed on October 1, 1971, 60 apartments were to be reserved

for rental to low- and moderate-income families, a limitation to remain in force for the duration of the mortgage and note. In addition, La Salle, IHDA, and the Secretary of Housing and Urban Development (HUD) entered into an interest reduction contract whereby HUD agreed to make payments to IHDA on a portion of the interest owed on the principal loan which could be attributed to the low- and moderate-income housing.

On July 18, 1982, La Salle filed a complaint seeking a declaration of its right to prepay its obligation to IHDA. IHDA filed a verified answer asserting, *inter alia*, that the mortgage and note did not allow for prepayment. La Salle moved for summary judgment. Memoranda were filed in support of and in opposition thereto.

The circuit court found that HUD was a necessary party. La Salle filed an amended complaint adding HUD as a party. HUD's answer denied that it was an interested party and maintained that any right of La Salle to prepay its obligation was a matter of State law.

At the hearing on the motion for summary judgment, the circuit court recognized the fact that prepayment would end the obligation to provide low- and moderate-income housing. Nevertheless, it found that there were no material issues of fact and that La Salle had the right to prepay its obligation. The court granted summary judgment in La Salle's favor. This timely appeal followed. An order was entered staying enforcement of the judgment pending the outcome of this appeal.

IHDA maintains that summary judgment in La Salle's favor was improper because the contract provisions which form the basis of the judgment do not permit La Salle's prepayment of its mortgage or, alternatively, the provisions are ambiguous as to the right to prepay. The contract language central to this dispute is paragraph 5 of the mortgage, which provides:

> "5. That the Mortgagor [La Salle] will not make any advance principal payments in advance of the dates scheduled for redemption or prepayment of the Bonds issued by the Mortgagee [IHDA] for the purpose of obtaining funds with which to make this Mortgage Loan. With respect to any advance principal payment permitted by Mortgagee, the Mortgagor shall pay an amount equal to the aggregate of [a computed sum] ***."

Also involved is the language contained in paragraph 207 of the bond resolution which states that the bonds issued by IHDA "shall be subject to redemption, at the option of *** [IHDA], *** on July 1, 1984, or on any date thereafter."

IHDA contends, and it is undisputed, that although it had the op-

tion to allow redemption of the bonds under paragraph 207, IHDA did not exercise this option. IHDA also maintains that no schedule for redemption was established. IHDA argues that La Salle may prepay under paragraph 5 only after the "dates scheduled for redemption" and, since there was no schedule, La Salle was not entitled to prepay.

In contraposition, La Salle insists that paragraph 207 of the bond resolution sets forth a schedule for redemption with the first date for redemption being July 1, 1984. That date having passed, La Salle contends that the circuit court correctly found that it has the right to prepay under paragraph 5 of the mortgage.

■■■ Summary judgment is a salutary procedure in the administration of justice (*Allen v. Meyer* (1958), 14 Ill. 2d 284, 152 N.E.2d 576), but must be cautiously granted so that the respondent's right to trial is not usurped in the presence of material evidentiary conflicting facts and inferences. The function of the procedure is to determine the existence or absence of triable issues of fact, not to try them. (*Stines v. Otis Elevator Co.* (1982), 104 Ill. App. 3d 608, 610, 432 N.E.2d 1298; *Diomar v. Landmark Associates* (1980), 81 Ill. App. 3d 1135, 1138-39, 401 N.E.2d 1287.) The moving party for summary judgment must affirmatively show a clear legal right thereto, free from doubt. If any facts upon which reasonable persons may disagree are identified, or inferences may be fairly drawn from those facts leading to differing conclusions, the circuit court must deny the motion and direct that the resolution of those facts and inferences be made at trial. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005; *Nolan v. Johns-Manville Asbestos & Magnesia Materials Co.* (1979), 74 Ill. App. 3d 778, 794, 392 N.E.2d 1352; *Littrell v. The Coats Co.* (1978), 62 Ill. App. 3d 516, 519-20, 379 N.E.2d 293; *Century Display Manufacturing Corp. v. D. R. Wager Construction Co.* (1977), 46 Ill. App. 3d 643, 648, 360 N.E.2d 1346.) Where facts are not in dispute, however, and the only issue raised is the construction of contract language, summary judgment is properly employed to resolve that issue. *Peters & Fulk Realtors, Inc. v. Shah* (1986), 140 Ill. App. 3d 301, 305, 488 N.E.2d 635; *Bates v. Select Lake City Theater Operating Co.* (1979), 78 Ill. App. 3d 153, 154, 397 N.E.2d 75, *appeal denied* (1980), 79 Ill. 2d 625; *Simone Corp. v. Builders Architectural Products* (1975), 28 Ill. App. 3d 595, 597, 328 N.E.2d 723.

Paragraph 5 of the instant mortgage demonstrates that the parties contemplated the possibility of prepayment. The language clearly and unambiguously provides that the right to prepay cannot arise, however, *unless IHDA permits such advance payment* and then not until after the "dates scheduled for redemption" of the bonds. To

"schedule" is to assign a fixed time in the future to do something. (Webster's Third New International Dictionary 2028 (1981).) To schedule bonds for redemption requires an overt act creating that fixed time.

Paragraph 5 of the mortgage does not expressly authorize advance principal payments prior to the dates scheduled for redemption or prepayment of the bonds. Rather, La Salle seeks to have the inference drawn that, because La Salle is denied the right to make advance principal payments prior to those dates, it has the right to make such payments anytime thereafter, namely, after July 1, 1984. This conclusion, La Salle argues, is reflected in the second sentence of paragraph 5 which reads, in part, that "[w]ith respect to any advance principal payment permitted by Mortgagee [IHDA], the Mortgagor [La Salle] shall pay an amount equal to the aggregate of a [computed sum]." That second sentence, however, affirmatively emphasizes IHDA's right to permit or deny advance payment. At IHDA's option it may schedule redemption at some date after July 1, 1984, and thereby permit La Salle to prepay the mortgage.

■ In the absence of an ambiguity in the terms of a written agreement, the only evidence of the parties' intentions must be drawn from the document itself, in this case paragraph 5 of the mortgage. (*Ancraft Products Co. v. Universal Oil Products Co.* (1981), 100 Ill. App. 3d 694, 697, 427 N.E.2d 585.) Nevertheless, La Salle maintains that a schedule for redemption indeed has been provided in another document, namely, paragraph 207 of the bond resolution. The language of paragraph 207, however, only sets forth the date after which redemption is made possible, not the dates for redemption, since paragraph 207 merely provides that bonds are "subject to redemption" at IHDA's option. It is difficult to see how the words "subject to redemption" can be transformed into "scheduled for redemption" as La Salle would require of this language. Viewed in this light, the circuit court should have concluded that the bonds have not been scheduled for redemption, but merely became eligible for redemption, should they be so scheduled, on and after July 1, 1984, and only through the exercise of IHDA's option to do so.

■ ■ The circuit court must make the initial determination of whether contract language is or is not ambiguous as a matter of law. (*Terracom Development Group, Inc. v. Coleman Cable & Wire Co.* (1977), 50 Ill. App. 3d 739, 744, 365 N.E.2d 1028.) Should the contract be found unambiguous by the circuit court, the intentions of the parties must be determined solely from the language read in the agreement. (*Nitrin, Inc. v. Bethlehem Steel Corp.* (1976), 35 Ill. App.

3d 577, 594, 342 N.E.2d 65, *appeal denied* (1976), 63 Ill. 2d 552.) The circuit court here treated the mortgage language as unambiguous since it found no genuine, triable issue of fact which would prevent entry of summary judgment. We agree that the contract is unambiguous as a matter of law; however, as the foregoing discussion reveals, paragraph 5 of the mortgage gave La Salle no right to prepay its mortgage obligation to IHDA in the absence of IHDA's permission to allow such prepayment. The nonexistence of a schedule upon which such payment was to be made buttresses this conclusion particularly in light of the absence of any evidence that IHDA exercised its option to permit redemption of the bonds under paragraph 207 of the bond resolution. To reach its conclusion, the circuit court was required to ignore completely the language of permission and option resting with IHDA in both documents. It was error to do so. See *St. Paul Fire & Marine Insurance Co. v. Frankart* (1979), 69 Ill. 2d 209, 216, 370 N.E.2d 1058; *Schiro v. W. E. Gould & Co.* (1960), 18 Ill. 2d 538, 542-43, 165 N.E.2d 286.

Accordingly, summary judgment for La Salle must be reversed and the cause remanded with instructions to enter judgment for IHDA on this issue.

Reversed and remanded with instructions.

STAMOS and SCARIANO, JJ., concur.